# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GS HOLISTIC, LLC,

                         Plaintiff,       :       Case No. 3:23-cv-00307

                                                                         District Judge Walter H. Rice
-   vs   -                                       Magistrate Judge Michael R. Merz

A & M SMOKE SHOP CORP., et al.,

                        Defendants.      :

## DECISION AND ORDER ON MOTION TO STRIKE

       This case is before the Court on Plaintiff's Motion to Strike (ECF No. 9).  Defendants oppose the Motion (ECF No. 10) and Plaintiff's deadline for filing a reply in support under S. D. Ohio Civ. R. 7.2 has expired.  Thus the Motion is ripe for decision.

       The case was recently reassigned to District Judge Walter H. Rice and referred to the undersigned to help balance the workload in the District (ECF No. 12).

       The Motion to Strike is directed at Defendants' Fifth and Sixth Affirmative Defenses.  The Motion is non-dispositive and therefore within the original decisional authority of a Magistrate Judge, subject to appeal to the assigned District Judge.

Plaintiff first seeks to strike the Fifth Affirmative Defense which asserts Plaintiff's claims "are barred by the due process clauses of the 5th and 14th Amendments to the United States Constitution and by the counterpart due process provisions of the Ohio Constitution."

Fed.R.Civ.P. 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter…on its own; or … on motion made by a party[.]" Moreover, a motion to strike is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *United States S.E.C. v. Thorn*, 2002 WL 31412440, at *2 (S.D. Ohio 2002)(Sargus, J.).

Affirmative defenses are not held to the pleading standards of complaints that the Supreme Court adopted in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Instead, '[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.'" *Pough v. Dewine,* 2022 U.S. Dist. LEXIS 118232, 2022 WL 2437140 (S. D. Ohio Jul. 5, 2022)(Gentry, M.J.), quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)(quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1274)). The undersigned has followed *Pough* in *GS Holistic v. Eastown Smoke Shop,* 2024 WL 19988 (S.D. Ohio Jan. 2, 2024), and Plaintiff offers no argument for deviating from that precedent. The Motion to Strike is DENIED as to the Fifth Affirmative Defense.

Plaintiff also seeks to strike Defendants' sixth affirmative defense of failure to join necessary parties. The same issue arose in *Eastown* and the undersigned held that the failure to identify the supposedly necessary parties was fatal. Again following that precedent, the Sixth Affirmative Defense is STRICKEN.

IT IS SO ORDERED.

January 8, 2024.

s/ *Michael R. Merz*  
United States Magistrate Judge